UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. HATCHETT, | ) | CIV. 12-5094-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING MOTION |
| | ) | FOR SUMMARY JUDGMENT |
| PENNINGTON COUNTY JAIL, | ) | |
| MILLER, Correctional Officer, | ) | |
| Pennington County Jail,  in his | ) | |
| individual and official capacities; | ) | |
| EDWARDS, Correctional Officer, | ) | |
| Pennington County Jail;  in his | ) | |
| individual and official capacities; | ) | |
| SGT. MUNSCH, Correctional | ) | |
| Officer, Pennington County Jail, in | ) | |
| his individual and official | ) | |
| capacities; CAPT. BROOKE HAGA, | ) | |
| Captain, Pennington County Jail, | ) | |
| in her individual and official | ) | |
| capacities. | ) | |
| | ) | |
| Defendants. | ) | |

On December 26, 2012, plaintiff Christopher J. Hatchett, appearing *pro se*, filed a complaint against the defendants Pennington County Jail, Joseph Edwards, Casey Munsch, and Brooke Haga (collectively "defendants") alleging various violations of his constitutional rights.[1]  (Docket 1).

Pending before the court is defendants' motion for summary judgment filed on February 19, 2014.  (Docket 22).  Defendants also filed a statement of

---

[1]Jeremy Miller was also named as a defendant.  The court dismissed the claims against Mr. Miller without prejudice for Mr. Hatchett's failure to comply with Fed. R. Civ. P. 4(m) or respond to the court's notice under Rule 4(m).

material facts. (Docket 24). Plaintiff did not file a response to either the defendants' motion for summary judgment[2] or statements of material facts.[3]

## BACKGROUND

The facts are drawn from the complaint, plaintiff's deposition testimony, and the defendants' statement of material facts. (Dockets 1, 24 & 27-1). Mr. Hatchett filed a complaint asserting his Eighth Amendment rights were violated while he was incarcerated at the Pennington County Jail. During the relevant time period, Mr. Hatchett was serving a one-year sentence for a prior conviction of threatening law enforcement and was also awaiting trial on a first degree burglary charge for which he was ultimately convicted and given a seven-year sentence.

Mr. Hatchett was incarcerated at the Pennington County Jail beginning on April 3, 2012. On June 5, 2012, Mr. Hatchett received a notice of disciplinary hearing in which he admitted a rule violation. On September 3, 2012, Mr. Hatchett received another notice of a rule violation for assaulting a

---

[2]On May 6, 2014, the court issued a show cause order to Mr. Hatchett requiring him to show good cause why the court should not grant defendants' motion for summary judgment. (Docket 31). On May 6, 2014, the order was sent to the address provided by plaintiff. Mr. Hatchett did not respond to defendants' motion or the court's order to show cause.

[3]"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion; or (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e).

fellow inmate. Mr. Hatchett punched another inmate, put him in a chokehold, and threw the inmate into a table. Mr. Hatchett testified during his deposition the inmate got mouthy with him while playing cards and called him out. Mr. Hatchett testified he then went into the inmate's cell and "did him up." As a result of the incident, Mr. Hatchett was reclassified for administrative segregation on September 7, 2012.

On September 10, 2012, Mr. Hatchett wrote the Classification Committee regarding his reclassification into administrative segregation. The Classification Committee responded on September 21, 2012, confirming Mr. Hatchett's sanctions were enhanced due to him threatening staff and indicated to Mr. Hatchett he would remain in administrative segregation. On September 27, 2012, Mr. Hatchett wrote another letter to the Classification Committee requesting to be removed from segregation. The Classification Committee denied Mr. Hatchett's request based on his conduct in assaulting another inmate and threatening a supervisor. Mr. Hatchett again requested a reclassification on October 4, 2012, which was again denied by the Classification Committee. The Committee stated they believed Mr. Hatchett posed a significant threat to the facility.

On October 26, 2012, the Classification Committee wrote Mr. Hatchett a letter indicating the Committee continued to believe Mr. Hatchett was a risk and a substantial threat to the operation of the jail. The Classification

Committee also acknowledged a letter sent by Mr. Hatchett stating he would "raise hell" if he was not taken off administrative segregation.

On October 28, 2012, Michael Cole, a Pennington County Jail employee, filed a report indicating he noticed fishing line in Mr. Hatchett's cell and informed Casey Munsch of the situation.  Munsch directed Jeremy Miller and Joseph Edwards to perform a shakedown or search of Mr. Hatchett's cell.  Mr. Hatchett initially refused to be restrained during the shakedown but complied after speaking with Munsch.  After Mr. Hatchett's cell had been searched, Munsch, Edwards and Miller placed Mr. Hatchett back in his cell, closed the door, and directed him to place his hands through the door slot in order to remove the handcuffs.  The handcuff on Mr. Hatchett's right hand was removed without incident.  Mr. Hatchett alleges the officers had a difficult time removing the handcuff from his left hand so he attempted to turn around and stick his left arm farther out the door slot.  Mr. Hatchett alleges the officers then pulled and twisted his left arm, spraining his wrist, and leaving cuts on his wrist and forearm.  During the incident, Mr. Hatchett testified he got upset and slammed his right fist into the cell door, injuring his knuckle or his pinkie on his right hand.

Defendants contend Mr. Hatchett attempted to stick his right arm out the door slot in an effort to prevent the officers from removing the cuff from his left wrist and stated he was going to keep the cuffs.  Following the incident, Mr. Hatchett requested to go to the hospital but was refused.  Instead, a nurse

4

came to Mr. Hatchett's cell to examine and treat his injuries. Jail records indicate a nurse examined Mr. Hatchett's injuries within two hours of the incident and gave Mr. Hatchett ice and medication. Mr. Hatchett testified his left hand bled for ten minutes and stopped on its own. Mr. Hatchett also claimed his left wrist was scarred as a result of the incident but he had his left wrist tattooed following the incident and no scar was visible.

On October 29, 2012, Mr. Hatchett again wrote the Classification Committee asking to be reclassified. The Committee responded by requiring Mr. Hatchett to sign a non-suicide contract. On October 31 and November 2, 2012, Mr. Hatchett wrote the Classification Committee asking for a reclassification. The Classification Committee reviewed Mr. Hatchett's behavior of October 28, 2012, and notified Mr. Hatchett his sanctions were being enhanced for the incident.

On November 30, 2012, the Classification Committee wrote Mr. Hatchett and told him they would like to see no behavior issues from him for the next week and if Mr. Hatchett could go the week without incident, the Committee would consider removing or lessening his sanctions. On January 4, 2013, the Classification Committee wrote Mr. Hatchett telling him he was being removed from administrative segregation.

On January 15, 2013, Mr. Hatchett assaulted another inmate at the Pennington County Jail and admitted hitting the inmate because he was

running his mouth about a card game and got into his face.  The Classification Committee placed Mr. Hatchett back in administrative segregation.

As a result of the October 28, 2012, incident with defendants, Mr. Hatchett filed a complaint asserting violations of his Eighth Amendment rights.  Mr. Hatchett's complaint contains seven counts, all of which he asserts violate the Eighth Amendment.  Mr. Hatchett claims: (1) Munsch, Edwards and Miller used excessive force when removing his handcuffs; (2) Haga placed him in administrative segregation in retaliation for his complaints related to the October 28, 2012, incident; (3) the Jail refused to protect him from the incidents; (4) the Jail was indifferent to his medical needs related to the incident; (5) the Jail unjustifiably placed him in administrative segregation; (6) Munsch, Miller and Edwards assaulted him on October 28, 2012; and (7) Munsch, Miller and Edwards subjected him to emotional anguish.  (Docket 1).

## STANDARD OF REVIEW

"Summary judgment is appropriate when the evidence,[4] viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law."  Clark v. Kellog, Co., 205 F.3d 1079, 1082 (8th Cir. 2000); see also Fed. R. Civ. P. 56(a).  "Once the motion for summary judgment is made and

---

[4]Included within the evidence are the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits.  Fed. R. Civ. P. 56(c).

supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and by affidavit or otherwise designate specific facts showing that there is a genuine issue for trial." Commercial Union Ins. v. Schmidt, 967 F.2d 270, 271 (8th Cir. 1992) (internal quotations and citations omitted).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although "the court is required to . . . give [the nonmoving] party the benefit of all reasonable inferences to be drawn from the underlying facts," Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980), the nonmoving party may not "rest upon mere denials or allegations." Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002).  Instead, the nonmoving party must "set forth specific facts sufficient to raise a genuine issue for trial." Id.

## DISCUSSION

**A.     Counts 3, 4 and 5 of plaintiff's complaint**

Counts 3, 4 and 5 are claims against the Pennington County Jail itself. None of the other defendants are listed in these counts and no reference is made to any other party.  "[C]ounty jails are not legal entities amenable to suit." Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003).  Counts 3, 4 and 5 are dismissed without prejudice.

**B.     Defendants, in their official capacities, did not deprive Mr. Hatchett of his constitutional rights**

Mr. Hatchett brings a § 1983 action against the defendants in their official and individual capacities.  (Docket 1 at pp. 2-3).  Insofar as Mr. Hatchett alleges defendants violated his constitutional rights in their official capacities, the court finds the § 1983 suit is actually a suit against Pennington County itself.  See Parrish v. Ball, 594 F.3d 993, 997 (8th Cir. 2010) (stating that a suit against a public official in his/her official capacity is actually a suit against the entity for which the public official is an agent).

"In general, 'a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents' on a respondeat superior theory of liability."  Parrish, 594 F.3d at 997 (citing Monnell v. New York Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).  To impose § 1983 liability on a local government body, a plaintiff must show that an official policy or widespread practice caused a deprivation of a constitutional right.  Monnell, 436 U.S. at 690–91.  Mr. Hatchett has neither alleged nor demonstrated that an official policy or widespread practice violated his constitutional rights.  Accordingly, Mr. Hatchett's § 1983 action against defendants in their official capacities is dismissed.

**C.    Defendants are entitled to qualified immunity in their individual capacities because their conduct did not violate Mr. Hatchett's clearly established constitutional rights**

With respect to Mr. Hatchett's § 1983 action against defendants in their individual capacities, qualified immunity will function to protect those defendants whose actions were objectively reasonable in light of clearly established constitutional rights.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Ambrose v. Young, 474 F.3d 1070, 1077 (8th Cir. 2007) (" 'The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law.' ") (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)).  To determine whether defendants are entitled to qualified immunity, the court will address each of Mr. Hatchett's constitutional claims as set forth in defendants' brief in support of their motion for summary judgment.  (Docket 29).  "If the answer [to whether a constitutional right was violated] is no, we grant qualified immunity," and enter summary judgment in favor of defendants.  Grayson v. Ross, 454 F.3d 802, 808–09 (8th Cir. 2006).

   1.  **Count 1 - Excessive Force**

Mr. Hatchett claims defendants Munsch, Edwards and Miller used excessive force in violation of the Eighth Amendment[5] when removing his handcuffs on October 28, 2012.  (Docket 1).

---

[5]Generally, claims against pretrial detainees are analyzed under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment.  See Owens, 328 F.3d at 1027.  However, during his deposition, Mr. Hatchett confirmed he was alleging violations of his Eighth Amendment rights while serving his sentence on his prior conviction and not while awaiting trial on his pending charges of first degree burglary.  (Docket 27-1 at p. 2).

9

In order to succeed on this claim, Mr. Hatchett must show that defendants Munsch, Edwards and Miller, while acting under the color of state law, violated his constitutional rights.

> The Eighth Amendment prohibition against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" by their jailers. When jail officials are alleged to have used excessive force against a prisoner, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." "One acts 'maliciously' by undertaking, without just cause or reason, a course of action intended to injure another; in contrast, one acts 'sadistically' by engaging in extreme or excessive cruelty or by delighting in cruelty."

United States v. Miller, 477 F.3d 644, 647 (8th Cir. 2007) (internal citations omitted). "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Wilkins, 559 U.S. at 37-38.

Viewing the facts in the light most favorable to Mr. Hatchett, he has not shown that force was applied "maliciously and sadistically to cause harm." The facts indicate the defendants had a difficult time removing the handcuff from Mr. Hatchett's left wrist. Notably, Mr. Hatchett conceded the handcuff was

removed from his right hand prior to any allegation of excessive force.  Although Mr. Hatchett complains of injuries to his right hand, he admits those injuries were self-inflicted when he got upset and punched the cell door.  The defendants are not responsible for Mr. Hatchett's self-inflicted injuries.  The fact Mr. Hatchett was upset and punched the cell door also lends some credence to defendants' contention Mr. Hatchett was upset and attempted to reach his right arm out of the door slot in an attempt to keep the handcuffs.  Even assuming Mr. Hatchett's version of the events is accurate, Mr. Hatchett suffered very minor injuries as a result of the incident.  Mr. Hatchett testified during his deposition that his arm and wrist bled for ten minutes and the bleeding stopped on its own.

    Mr. Hatchett's history at Pennington County jail shows his penchant for being violent.  At the time of the incident, Mr. Hatchett was in administrative segregation for assaulting another inmate and threatening staff.  Mr. Hatchett also threatened to "raise hell" if he was not given a reclassification.  Defendants' report that Mr. Hatchett was attempting to keep the cuffs is supported by Mr. Hatchett's statement just days before that he was going to "raise hell."  There is no evidence that any force was applied by defendants maliciously or sadistically or that they delighted in cruelty.  The court finds any force that was applied was done in good faith and in an effort to restore discipline.  Defendants are entitled to summary judgment on Mr. Hatchett's excessive force claim.

### 2. Count 2: Administrative Segregation

Mr. Hatchett's claims Captain Haga retaliated against Mr. Hatchett for his complaints related to the October 28, 2012, incident by placing him in administrative segregation. Despite Mr. Hatchett's claim, the record is clear Mr. Hatchett was placed in administrative segregation by the Classification Committee long before the October 28, 2012, incident. On October 28, 2012, Mr. Hatchett was already classified as a high risk inmate and was placed in administrative segregation for assaulting another inmate and threatening jail staff. Following the October incident, Mr. Hatchett remained in administrative segregation. There is no evidence Mr. Hatchett was reclassified high risk or placed in administrative segregation as a result of the October incident. Mr. Hatchett's claim also is undermined by the fact he was taken out of administrative segregation not long after the October 28, 2012, incident. Furthermore, Mr. Hatchett "does not have a constitutional right to a particular prison . . . classification." Sanders v. Norris, 153 F. App'x 403, 404 (8th Cir. 2005). Captain Haga is entitled to summary judgment on this claim.

### 3. Count 6: Assault

Mr. Hatchett alleges the incident on October 28, 2012, was also an assault. Mr. Hatchett testified during his deposition that this claim raises the

same allegation as in count 1 discussed above. For the reasons stated above, the court finds defendants are entitled to summary judgment on this claim.[6]

### 4. Count 7: Emotional Anguish

Mr. Hatchett alleges he suffered emotional anguish as a result of the injury he sustained to his arm during the October 28, 2012, incident. Mr. Hatchett also claims he was depressed because of his administrative segregation classification.

First, the court finds defendants are not responsible for any mental anguish suffered by Mr. Hatchett as a result of his classification in administrative segregation. The record clearly demonstrates Mr. Hatchett's classification was the result of his own conduct and had nothing to do with the incident on October 28, 2012. Mr. Hatchett was in administrative segregation long before October 2012 and, in fact, was taken out of administrative segregation not long after the October incident.

Mr. Hatchett also testified during his deposition he had been seeing a psychologist for depression issues before the October incident occurred.

---

[6]Additionally, a claim for the tort of assault is a state law claim and requires notice of the claim be given to the Pennington County Auditor. See SDCL §§ 3-21-1, 3-21-2, 3-21-3(2). "No action for the recovery of damages for personal injury . . . caused by a public entity or its employees may be maintained against the public entity or its employees unless written notice of the time, place, and cause of the injury is given to the public entity." SDCL § 3-21-2. There is no proof Mr. Hatchett presented a written notice of his assault claim to the Pennington County Auditor as required under South Dakota law. This requirement is a condition precedent to bringing a claim for damages.

13

Viewing the facts in a light most favorable to Mr. Hatchett, there is no evidence he suffered from depression as a result of the minor injuries he incurred in October 2012.  Furthermore, as discussed above in relation to the excessive force claim, the court finds the defendants acted in "good faith [and in an] effort to maintain or restore discipline."  See Miller, 477 F.3d at 647.   Defendants are entitled to summary judgment on this claim.

    Accordingly, it is hereby

    ORDERED that defendants' motion for summary judgment (Docket 22) is granted as to all claims in plaintiff's complaint.

    IT IS FURTHER ORDERED that counts 1, 2, 6, and 7 of plaintiff's complaint are dismissed with prejudice.

    IT IS FURTHER ORDERED that counts 3, 4, and 5 of plaintiff's complaint are dismissed without prejudice.

    Dated September 30, 2014.

                                       BY THE COURT:

                                       /s/ *Jeffrey L. Viken*
                                       JEFFREY L. VIKEN
                                       CHIEF JUDGE